O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA D. GUMM, | ) NO. CV 13-5370-MAN |
| Plaintiff, | ) |
| v. | ) MEMORANDUM OPINION |
| | ) AND ORDER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

On July 30, 2013, plaintiff filed a Complaint seeking review of the denial of her application for Supplemental Security Income ("SSI"). (ECF No. 3.) On September 4, 2013, the parties consented, pursuant to 28 U.S.C. § 636(c), to proceed before the undersigned United States Magistrate Judge. (ECF No. 11.) On April 2, 2014, the parties filed a Joint Stipulation, in which plaintiff seeks an order reversing the Commissioner's decision and remanding this case for further administrative proceedings; and the Commissioner requests that her decision be affirmed or, alternatively, remanded for further administrative proceedings. (ECF No. 16 at 13.) The Court has taken the parties' Joint Stipulation under submission without oral argument.

## SUMMARY OF ADMINISTRATIVE PROCEEDINGS

On November 9, 2009, plaintiff protectively filed her application for SSI. (Administrative Record ("A.R.") 11, 178-86.) Plaintiff, who was born on October 3, 1963[1] (*id.* 18, 178), claims to have been disabled since December 4, 1990, due to: shattered heels, metal, plastic, and screws in both feet; and continuing back trouble (*id.* 11, 246). Plaintiff has past relevant work experience as a cashier. (*Id.* 17.)

After the Commissioner denied plaintiff's claim initially, plaintiff requested a hearing. (A.R. 102, 134.) On May 4, 2011, a hearing was held before Administrative Law Judge ("ALJ") Robert A. Evans. (*Id.* 30-35.) Plaintiff, who was represented by counsel, failed to appear at the hearing. (*Id.* 32.) The ALJ agreed to send out a notice to show cause to find out why plaintiff did not appear and, if good cause was shown, to schedule another hearing. (*Id.* 33-34.) On September 13, 2011, plaintiff appeared and testified at a hearing before ALJ Robert S. Eisman. (*Id.* 11-20, 102-11.) Vocational Expert ("VE") Freeman Leith Jr. also testified. (*Id.* 11, 49-58.) On November 22, 2011, ALJ Eisman denied plaintiff's claim (*id.* 11-20), and the Appeals Council subsequently denied plaintiff's request for review of the ALJ's decision (*id.* 1-6). That decision is now at issue in this action.

## SUMMARY OF ADMINISTRATIVE DECISION

In his November 22, 2011, decision, the ALJ found that plaintiff has not engaged in substantial gainful activity since November 9, 2009, the date of the application. (A.R. 13.) The ALJ determined that plaintiff has the severe impairments of: bilateral calcaneal bone fractures, status post open reduction internal fixations; posttraumatic arthritic changes of the subtalar joint

---

[1] On the date the application was filed, plaintiff was 46 years old, which is defined as a younger individual age 18-49. (A.R. 18 (citing 20 C.F.R. §§ 416.963).)

and bilateral subtalar joint fusions with residual bilateral lower extremity pain; degenerative joint disease of the right foot; and degenerative disc disease of the lumbar spine.[2] (*Id.*)  The ALJ concluded that plaintiff does not have an impairment or combination of impairments that meets or medically equals the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1. (*Id.* 14.)

After reviewing the record, the ALJ determined that plaintiff has the residual functional capacity ("RFC") to perform light work as follows:

> [S]he can exert up to 20 pounds of force occasionally and/or up to ten pounds of force frequently and/or a negligible amount of force constantly to move objects. The claimant can stand and walk up to six hours and sit up to six hours in an eight-hour workday with normal breaks, provided that . . . no more than two hours would be without a hand-held assistive device.  She can perform work that does not require climbing ladders, ropes, or scaffolds, or balancing, and no more than occasional climbing of ramps or stairs, stooping, kneeling, crouching, or crawling. The claimant can occasionally walk on uneven ground, occasionally operate foot controls with her left and/or right lower extremity, and use of a hand-held assistive device for prolonged ambulation, *i.e.*, more than 15 minutes at a time, and when walking on uneven terrain or ascending and descending slopes.  In addition, her work would not require concentrated exposure to extreme cold, hazardous machinery, or other high risk, hazardous or unsafe conditions, and would not require any exposure to unprotected heights.

(A.R. 14.)

---

[2] Plaintiff had an accident in 1991, during which she was electrocuted, propelled into the air, fell to the ground, and sustained injuries to her heels.  (A.R. 13.)  Since that time, she has undergone multiple operations on her feet.  (*Id.*)

Based on plaintiff's age, education,[3] work experience, and RFC, as well as the testimony of the VE, the ALJ found that "there are jobs that exist in significant numbers in the national economy that [plaintiff] can perform," including the jobs of sorter, assembler, and stuffer. (A.R. 18.)

Thus, the ALJ concluded that plaintiff has not been under a disability, as defined in the Social Security Act, since November 9, 2009, the date the application was filed. (A.R. 19.)

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether it is free from legal error and supported by substantial evidence in the record as a whole. Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (citation omitted). The "evidence must be more than a mere scintilla but not necessarily a preponderance." Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003). "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted).

Although this Court cannot substitute its discretion for that of the Commissioner, the Court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Sec'y of Health and Hum. Servs., 846 F.2d 573, 576 (9th Cir. 1988); *see also* Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995).

---

[3] The ALJ determined that plaintiff "has at least a high school education and is able to communicate in English." (A.R. 18.)

The Court will uphold the Commissioner's decision when the evidence is susceptible to more than one rational interpretation. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). However, the Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn, 495 F.3d at 630; see also Connett, 340 F.3d at 874. The Court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006) (quoting Stout v. Comm'r, 454 F.3d 1050, 1055 (9th Cir. 2006)); see also Burch, 400 F.3d at 679.

## DISCUSSION

Plaintiff's sole argument is that ALJ Eisman failed to take into account the opinion of John Simmonds, M.D., the orthopedic consultative examiner, because he misunderstood Dr. Simmonds' assessment of plaintiff's limitations. (See Joint Stip. at 5.)

An ALJ is obligated to take into account all medical opinions of record, resolve conflicts in medical testimony, and analyze evidence. 20 C.F.R. §§ 404.1527(c), 416.927(c); Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989). The opinion of a treating or examining physician is entitled to greater weight than that of a non-examining physician. Garrison v. Colvin, 759 F.3d 995, 1012 (9th Cir. 2014) (citing Ryan v. Comm'r of Soc. Sec., 528 F.3d 1194, 1198 (9th Cir. 2008)); see also 20 C.F.R. § 416.927(c). When an examining physician's opinion is not contradicted by the opinion of another physician, it may be rejected only for "clear and convincing" reasons. Ghanim v. Colvin, 763 F.3d 1154, 1160-61 (9th Cir. 2014); Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). When it is contradicted by another doctor, the ALJ can reject the examining physician's opinion only if he articulates "specific and legitimate" reasons supported by substantial evidence in the record. Ghanim, 763 F.3d at 1161; Garrison, 759 F.3d at 1012; see also Ryan, 528 F.3d at 1198. Accordingly, the ALJ in this case was required to take into account

the opinion of Dr. John Simmonds, the consultative orthopedic examiner, and either: credit Dr. Simmonds' opinion; reject it for clear and convincing reasons; or reject it because it was contradicted by the opinion of another physician and there were specific and legitimate reasons for discrediting it.

ALJ Eisman construed, and took into account, Dr. Simmonds' opinion as follows: plaintiff can perform light exertional work; plaintiff can walk and/or stand for six hours out of an eight-hours workday with the assistance of her cane; and plaintiff can walk and/or stand unassisted for two hours out of an eight-hour workday, if she receives *multiple* breaks and no work activity lasts more than 10-15 minutes at a time. (A.R. 16.) ALJ Eisman then observed that the medical consultant, P. Harar, a pediatrician,[4] "gave a less limited residual functional capacity assessment based on observations of the claimant at the field office, when she did not use a handheld assistive device and evidenced no problems moving and walking." (*Id.*) Based on the above opinions of Drs. Simmonds and Harar,[5] ALJ Eisman determined that plaintiff could "stand and walk up to six hours and sit up to six hours in an eight-hour workday with *normal* breaks, provided that no more than two hours would be without a hand-held assistive device," but she would require "use of a hand-held assistive device for prolonged ambulation, *i.e.*, more than 15 minutes at a time." (*Id.* 17; emphasis added.)

Plaintiff contends that ALJ Eisman misconstrued Dr. Simmonds' opinion and, therefore, did not take into account Dr. Simmonds' actual assessment of plaintiff's limitations. According to plaintiff, Dr. Simmonds opined that plaintiff required breaks after every 10-15 minutes of work

---

[4] Dr. Harar put code "32" in the speciality box, indicating that her speciality is pediatrics. On remand, when evaluating any conflict between Dr. Harar's and Dr. Simmonds' opinions, the ALJ is cautioned to take into account both the fact that Dr. Simmonds examined plaintiff, and Dr. Harar did not, and the fact that Dr. Simmonds is an orthopedist, and thus specializes in the injuries and disabilities affecting plaintiff, while Dr. Harar is a pediatrician. *See* 20 C.F.R. § 416.927(c)(1)-(6); Orn v. Astrue, 495 F.3d 625, 631 (9th Cir. 2007).

[5] ALJ Eisman stated that he gave "partial weight" to Dr. Simmonds' opinion and "great weight" to Dr. Harar's conclusion that Dr. Simmonds' assessment was too limited. (A.R. 17.)

time. (*See* Joint Stip. At 9 ("Nothing in Dr. Simmonds' assessment indicates that the limitation was linked to the length of time Ms. Gumm could work without an assistive device.").)

Unfortunately, Dr. Simmonds' opinion is difficult to decipher, and it is not clear from his assessment of plaintiff's limitations whether plaintiff or ALJ Eisman or neither correctly describes it. Dr. Simmonds wrote:

> Walking and standing can be done for 6 hours per day with the assistance of her cane however 2 hours per day unassisted with multiple breaks. No work activity should last more than 10-15 minutes at a time. Currently, it is medical necessity for the use of a cane primarily for balance, support, walking on uneven terrains, and for prolonged ambulation. She is able to get around short distances within the confines of her home without any assistive device . . . . Sitting can be done without restriction.

(A.R. 305.)

Dr. Simmonds' opinion is vague and internally inconsistent due to: (1) his omission of punctuation marks in the first sentence quoted above ("[w]alking and standing can be done for 6 hours per day with the assistance of her cane however 2 hours per day unassisted with multiple breaks"); and (2) the fact that the second sentence ("[n]o work activity should last more than 10-15 minutes at a time") cannot be reconciled with the last sentence ("[s]itting can be done without restriction"). As a result, different conclusions may be drawn about the substance of Dr. Simmonds' opinion.[6] The Court has reviewed Dr. Simmonds' report carefully but, having done so,

---

[6] Plaintiff contends that Dr. Simmonds' opinion was: "Walking and standing can be done for 6 hours per day with the assistance of her cane -- however 2 hours per day unassisted -- with multiple breaks, *i.e.* no work activity should last more than 10-15 minutes at a time." In contrast, ALJ Eisman reads Dr. Simmonds' opinion as: "Walking and standing can be done for 6 hours per day with the assistance of her cane; however 2 hours per day unassisted with multiple breaks, *i.e.*, no work activity should last more than 10-15 minutes at a time." Significantly, ALJ

still finds his assessment of plaintiff's abilities and limitations to lack clarity.  Accordingly, the Court finds that the record of Dr. Simmonds' findings is not sufficiently clear to permit a factfinder to ascertain and evaluate Dr. Simmonds' opinion.

"When there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence" in a disability benefits case, the ALJ has an independent "'duty to fully and fairly develop the record and to assure that the claimant's interests are considered.'"  Mayes v. Massanari, 276 F.3d 453, 459-60 (9th Cir. 2001); Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001) (quoting Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996)).  Here, neither ALJ Evans nor ALJ Eisman contacted Dr. Simmonds to clarify his opinion about plaintiff's abilities and limitations.

ALJ Eisman's failure to fully develop the record is not harmless error, because the precise circumstances in which plaintiff is unable to perform any work activity for more than 10-15 minutes at a time is, presumably, critical to the VE's opinion about plaintiff's capacity to perform jobs that exist in significant numbers in the national economy.  Further, the VE was never presented with a hypothetical that tracked either plaintiff's interpretation of Dr. Simmonds' opinion or ALJ Eisman's interpretation.[7]  Accordingly, after obtaining additional information from Dr. Simmonds on remand, the ALJ may need to present new hypotheticals to a VE.  *See* Ghanim v.

---

Evans suggested that he had a third interpretation of Dr. Simmonds' opinion, pursuant to which plaintiff could perform "light [work] but with no work at all for more than 10, 15 minutes at one time . . . [and] that she's got problems sitting as well as standing."  (A.R. 33.)

[7]  The VE was presented with three hypotheticals.  She opined that there were significant numbers of jobs in the national economy that an individual could perform if she either: (1) could walk or stand for only two hours total in a work day without an assistive device but required a break after every 10-15 minutes of standing or walking without an assistive device (A.R. 52-54); or (2) could walk or stand for only two hours a day regardless of whether she used an assistive device and required an assistive device for ambulation but needed only "normal breaks" (*id.* 54-55).  In contrast, the VE opined that there were no jobs that an individual could perform if she could walk or stand for six hours in a work day with an assistive device and walk or stand for two hours in a work day without an assistive device but could perform no work activity, including, apparently, activity performed while seated, that lasted for more than 10-15 minutes at a time.  (A.R. 55.)

Colvin, 763 F.3d 1154, 1166 (9th Cir. 2014) ("An ALJ may rely on a vocational expert's testimony that is based on a hypothetical that contains all of the limitations that the ALJ found credible and supported by substantial evidence in the record. However, if an ALJ's hypothetical is based on a residual functional capacity assessment that does not include some of the claimant's limitations, the vocational expert's testimony has no evidentiary value." (Internal quotation marks and citations omitted)).

For these reasons, the Court finds that ALJ Eisman erred in failing to solicit clarifying information from Dr. Simmonds. This error was not harmless and may well have affected the Commissioner's nondisability determination. Accordingly, the case must be remanded for clarification of Dr. Simmonds' opinion and, potentially, further development of the VE's testimony.

## CONCLUSION

Accordingly, for the reasons stated above, IT IS ORDERED that the decision of the Commissioner is REVERSED, and this case is REMANDED for further proceedings consistent with this Memorandum Opinion and Order.

IT IS FURTHER ORDERED that the Clerk of the Court shall serve copies of this Memorandum Opinion and Order and the Judgment on counsel for plaintiff and for defendant.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

DATED: January 23, 2015

*Margaret A. Nagle*
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE