1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

10    DANA D. GUMM,                                   Case No. CV 13-5370-KK

11                              Plaintiff,

12                  v.                               ORDER GRANTING MOTION FOR
      CAROLYN W. COLVIN, Acting                      ATTORNEY FEES PURSUANT TO
13    Commissioner of Social Security,               42 U.S.C. § 1383(D)(2)(B)

14                              Defendant.

15

16

17                                        I.

18                                  **INTRODUCTION**

19         Plaintiff Dana D. Gumm's ("Plaintiff's") counsel, Cyrus Safa of Law

20    Offices of Lawrence D. Rohlfing ("Counsel"), filed a Motion for Attorney Fees

21    Pursuant to Title 42 of the United States Code, section 1383(d)(2)(B) ("Motion").

22    The Motion seeks an award in the amount of $5,800.00 for representing Plaintiff in

23    an action to obtain supplemental security income ("SSI") benefits, with no refund

24    to Plaintiff for the Equal Access to Justice Act ("EAJA") fees previously awarded.

25    ///

26    ///

27    ///

28    ///

1    The parties have consented to the jurisdiction of the undersigned United

2    States Magistrate Judge, pursuant to Title 28 of the United States Code, section

3    636(c).  For the reasons stated below, the Court grants the Motion.

4                                              **II.**

5                              **RELEVANT BACKGROUND**

6    On June 30, 2013, Plaintiff filed the complaint in this action.  See ECF

7    Docket No. ("Dkt.") 3, Compl.  Plaintiff alleged defendant Carolyn W. Colvin

8    ("Defendant") had improperly denied Plaintiff's SSI application.  Id.  On January

9    23, 2015, the Court found Defendant erred in denying Plaintiff's SSI application,

10   and entered Judgment reversing and remanding the case to Defendant for further

11   administrative proceedings.  Dkt. 20, Judgment.  On June 1, 2016, Defendant

12   awarded Plaintiff SSI benefits.  Dkt. 23-3, Notice of Award.[1]

13   On April 10, 2015, the Court awarded Counsel EAJA fees in the amount of

14   $2,300.00.  Dkt. 22, Order Granting EAJA Fees.

15   On July 13, 2016, pursuant to Title 42 of the United States Code, section

16   1383(d)(2)(B), Counsel filed the instant Motion seeking the amount of $5,800.00

17   for representing Plaintiff in the underlying proceedings before the Court.  Dkt. 23,

18   Mot.  Counsel states he will not reimburse Plaintiff for the EAJA award because

19   "the United States Department of Treasury applied all of the EAJA fee to a

20   government debt" Plaintiff owed.[2]  Id. at 3-4.  Counsel also states 23.5 hours of

21   attorney and paralegal time were expended on Plaintiff's case, Dkt. 23-4, Itemized

22   Hours, and seeks compensation pursuant to a contingency fee agreement stating

23

24

25   [1] Defendant's Notice of Award fails to indicate the total amount of Plaintiff's past
     due SSI benefits.  Dkt. 23-3, Notice of Award.  Plaintiff states her past due SSI
     benefits total $23,339.00 and Defendant concedes this calculation "appears to be
26   correct."  Dkt. 27, Non-Opposition at 2.

27   [2] "[T]he Court will not order reimbursement of the EAJA fees" to a plainitiff
     where the United States Department of Treasury withheld her EAJA award to
28   satisfy her debt.  Hembree v. Astrue, No. ED CV 06-497-PLA, 2009 WL 510310, at
     *1 (C.D. Cal. Feb. 27, 2009).

1   Counsel would receive "25% of the backpay awarded upon reversal of an

2   unfavorable ALJ decision," Dkt. 23-1, Social Security Representation Agreement.

3         On July 13, 2016, Plaintiff was served with the Motion and informed she had

4   a right to file a response to the Motion.  Dkt. 23, Mot. at 2, 10.  However, Plaintiff

5   failed to file a timely response.  On July 19, 2016, Defendant filed a Non-Opposition

6   to the Motion stating she "takes no position on the reasonableness of the

7   [Motion's] request."  Dkt. 27, Non-Opposition at 6.  Thus, the Court deems this

8   matter submitted.

9                             **III.**

10                      **DISCUSSION**

11   **A.**    **APPLICABLE LAW**

12         Title 42 of the United States Code, section 1383(d)(2) ("Section

13   1383(d)(2)") permits an attorney fee for SSI benefits awarded "to the same

14   extent" permitted by Title 42 of the United States Code, section 406(b) ("Section

15   406(b)").  42 U.S.C. § 1383(d)(2)(A).  Thus, the Court analyzes the Motion as if it

16   were a request for Section 406(b) fees.  Section 406(b) provides:

17       Whenever a court renders a judgment favorable to a claimant under

18       this subchapter who was represented before the court by an attorney,

19       the court may determine and allow as part of its judgment a reasonable

20       fee for such representation, not in excess of 25 percent of the total of

21       the past-due benefits to which the claimant is entitled by reason of

22       such judgment, and the Commissioner of Social Security may . . .

23       certify the amount of such fee for payment to such attorney out of, and

24       not in addition to, the amount of such past-due benefits.

25   Id. § 406(b)(1)(A).  Thus, "a prevailing [disability] claimant's [attorney's] fees are

26   payable only out of the benefits recovered; in amount, such fees may not exceed 25

27   percent of past-due benefits."  Gisbrecht v. Barnhart, 535 U.S. 789, 792, 122 S. Ct.

28   1817, 152 L. Ed. 2d 996 (2002).

1    Where a claimant entered into a contingent fee agreement with counsel, a

2  court must apply Section 406(b) "to control, not to displace, fee agreements

3  between Social Security benefits claimants and their counsel." Id. at 793.  A court

4  should not use a "lodestar method," under which a district court "determines a

5  reasonable fee by multiplying the reasonable hourly rate by the number of hours

6  reasonably expended on the case."  Crawford v. Astrue, 586 F.3d 1142, 1148 (9th

7  Cir. 2009) (en banc) (citation omitted).  Rather, where the claimant and counsel

8  entered into a lawful contingent fee agreement, courts that use the "lodestar"

9  method as the starting point to determine the reasonableness of fees requested

10  under Section 406(b) improperly "reject the primacy of lawful attorney-client fee

11  agreements."  Gisbrecht, 535 U.S. at 793.  Thus, courts should not apply lodestar

12  rules in cases where the claimant and counsel reached a contingent fee agreement

13  because:

14    [t]he lodestar method under-compensates attorneys for the risk they

15    assume in representing [social security] claimants and ordinarily

16    produces remarkably smaller fees than would be produced by starting

17    with the contingent-fee agreement.  A district court's use of the

18    lodestar to determine a reasonable fee thus ultimately works to the

19    disadvantage of [social security] claimants who need counsel to

20    recover any past-due benefits at all.

21  Crawford, 586 F.3d at 1149.

22    However, even in contingency fee cases, a court has "an affirmative duty to

23  assure that the reasonableness of the fee [asserted by counsel] is established."  Id.

24  The court must examine "whether the amount need be reduced, not whether the

25  lodestar amount should be enhanced."  Id.  The court may consider factors such as

26  the character of the representation, the results achieved, the ratio between the

27  amount of any benefits awarded and the time expended, and any undue delay

28  attributable to counsel that caused an accumulation of back benefits in determining

1    whether a lawful contingent fee agreement is reasonable.  See Gisbrecht, 535 U.S.

2    at 808; Crawford, 586 F.3d at 1151.

3    **B.      ANALYSIS**

4           Here, Counsel seeks a reasonable fee under Section 406(b).  Plaintiff

5    retained Counsel to represent her in federal court in her appeal from the

6    administrative denial of benefits, and agreed to pay Counsel a contingent fee of

7    twenty-five percent of any past due benefits obtained.  See Dkt. 23-1, Social

8    Security Representation Agreement.  The parties agree Plaintiff's past due SSI

9    benefits total $23,339.00 and the $5,800.00 award Plaintiff requests does not

10   exceed twenty-five percent of  $23,339.00.  See Dkt. 27, Non-Opposition at 2.

11   Further, consideration of the factors set forth in Gisbrecht and Crawford warrants

12   no reduction of the fee Counsel seeks.

13          The record discloses no issue regarding the quality or efficiency of Counsel's

14   representation before this Court, or any misconduct or delay by Counsel.  Counsel

15   obtained a favorable outcome for Plaintiff, ultimately resulting in a remand for

16   further administrative proceedings and an award of past due benefits.  See Dkt. 20,

17   Judgment; Dkt. 23-3, Notice of Award.  Further, the 23.5 hours expended to

18   litigate this case are reasonable and within the approved range for social security

19   disability cases.  See Patterson v. Apfel, 99 F. Supp. 2d 1212, 1214 & n.2 (C.D. Cal.

20   2000) (noting that "a survey of several dozen cases in which attorney's fees were

21   awarded in social security cases suggests that the 33.75 hours spent by plaintiff's

22   counsel falls within the approved range").

23          In addition, a fee of $5,800.00 based on 23.5 hours of attorney and paralegal

24   time is reasonable.  See Dkt. 23-4, Itemized Hours.  The Court finds the effective

25   hourly rate of approximately $246.81, id., reasonable under the circumstances.  See

26   Villa v. Astrue, 2010 WL 118454, at *1-2 (E.D. Cal. Jan. 7, 2010) (approving

27   Section 406(b) fees exceeding $1,000.00 per hour, and noting "[r]educing

28   [Section] 406(b) fees after Crawford is a dicey business").  Further, post-Gisbrecht

1   decisions have approved contingent fee agreements yielding hourly rates greater

2   than the rate Counsel seeks.  E.g., Daniel v. Astrue, 2009 WL 1941632, at *2-3

3   (C.D. Cal. July 2, 2009) (approving fees amounting to $1,491.25 per hour).  Hence,

4   in light of the hours Counsel expended, the Section 1383(d)(2)(B) fee award

5   amount Counsel requests would not represent an unfair windfall to Counsel.

6          Finally, nothing in the record suggests any overreaching in the making of the

7   fee agreement or any impropriety on the part of Counsel in representing Plaintiff.

8   Counsel assumed the risk of nonpayment inherent in a contingency agreement and

9   Counsel's efforts proved successful for Plaintiff.  Accordingly, the Court finds the

10  Section 1383(d)(2)(B) fees Counsel requests reasonable.

11                                          **IV.**

12                                        **ORDER**

13         Based on the foregoing, **IT IS HEREBY ORDERED**: (1) Counsel's Motion

14  for Attorney Fees Pursuant to Title 42 of the United States Code, section

15  1383(d)(2)(B) is **GRANTED**; and (2) Defendant is directed to pay Counsel the

16  sum of $5,800.00.

17

18   Dated: July 28, 2016

19                                        HONORABLE KENLY KIYA KATO
                                          United States Magistrate Judge

20

21

22

23

24

25

26

27

28

                                          6